The mother appeals from the judgments on her amended paternity complaint and on her complaint for contempt against the father for missing a discovery deadline.[2] We affirm.
1. Background. This paternity action was commenced in April, 2014, when the mother filed a complaint against the father to establish paternity and support of their child.[3] On July 29, 2015, after a pretrial hearing where both parties appeared with counsel, the judge issued an order that incorporated the parties' stipulation of the same day, setting forth their agreement that the father would provide certain discovery materials to the mother by October 1, 2015.
Although the father timely provided some of the required materials by the October deadline, he did not provide certain receipts. As a result, the mother filed a contempt complaint. A hearing date on the contempt complaint was set for December 14, 2015; however, at a November, 2015, status conference, the father's failure to provide the receipts was discussed. The father's counsel explained that the production was delayed as a result of the father's difficulty in getting the materials from his tax preparer. The trial judge stated, "I'm likely to do something that will, hopefully, keep you out of court for the December 14th [scheduled hearing on the contempt complaint], along the lines of the [d]efendant remains obligated-he remains obligated to forthwith provide the documents that were stipulated to." The mother's counsel did not object.
The next day, the judge issued an order providing, in part, that the father would have until noon on December 11, 2015, to produce the remaining materials and that if the father complied, the complaint for contempt would "go off the [hearing] list." Again, the mother's counsel did not object, and the father timely complied with the order.
On January 28, 2016, six weeks after the father complied with the discovery order, a trial was held. The mother subpoenaed the father's wife to testify and to produce business and bank documents at trial. The father's wife appeared on the noticed date; however, she explained that she did not have time to obtain the documents requested in the subpoena because she had received the subpoena on the Friday before trial and had been unable to collect the requested documents in the intervening three business days.
On April 5, 2016, the judge issued a judgment on the mother's amended paternity complaint, ordering, inter alia, child support retroactive to February 28, 2014. Also on April 5, 2016, the judge issued a judgment of dismissal on the mother's contempt complaint. The mother appeals.
2. Discussion. a. Failure to hold the father's wife in contempt. On appeal, the mother first argues that the trial judge erred when she did not hold the father's wife in contempt for failing to produce documents pursuant to the trial subpoena. To begin, we note that the mother did not move to have the wife held in contempt below and, accordingly, the issue is waived. Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006). Even were we to overlook that impediment, the mother's argument would nonetheless fail. The decision whether to hold someone in contempt[4] is reviewed for abuse of discretion. See L.F. v. L.J., 71 Mass. App. Ct. 813, 821 (2008) ; K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014). Here, we discern no such abuse. The trial judge was free to credit the explanation of the father's wife (who was not a party) that she did not produce the requested documents because she did not have sufficient time to gather them.
b. Contempt complaint against the father. The mother next argues that the judge erred in dismissing her contempt complaint against the father. Here too we discern no abuse of discretion. See L.F., 71 Mass. App. Ct. at 821 ; K.A., 86 Mass. App. Ct. at 567.
When the father did not meet the original deadline for document production, the judge ordered compliance by a new deadline, timed to occur prior to the scheduled hearing on the mother's contempt complaint and well in advance of the trial. The mother raised no objection to this new deadline. The father timely complied with discovery by the new deadline, providing the underlying documents.[5]
Judgments affirmed.

The mother's notices of appeal were docketed before the entry of the two judgments. Nonetheless, as a matter of our discretion, we proceed to consider her appeals. See ZVI Constr. Co. v. Levy, 90 Mass. App. Ct. 412, 418 (2016).

The father subsequently stipulated to paternity.

Under Mass.R.Dom.Rel.P. 45(g), "Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court in which the action is pending."

The mother raises no argument in support of her appeal from the paternity judgment, which we affirm without further discussion.